UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THERESE CREPEAU, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| V. | : | PRISONER |
| | : | CASE NO. 3:06-CV-1692(RNC) |
| UNITED STATES, | : | |
| | : | |
| Respondent. | : | |

RULING AND ORDER

Petitioner, a federal inmate proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. "A motion under § 2241 generally challenges the *execution* of a federal prisoner's sentence . . .." Jimian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(emphasis in original). In this instance, however, petitioner challenges the validity of her conviction and sentence. Ordinarily, the proper vehicle for such a challenge is provided by 28 U.S.C. § 2255, which cannot be used more than once to obtain review of a conviction except with the permission of the appropriate court of appeals. Petitioner contends that she is entitled to proceed under § 2241 pursuant to the savings clause of § 2255, which permits a prisoner to avoid § 2255's gatekeeping provisions when it appears that the remedy provided by § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255. As explained below, petitioner's attempt to proceed under § 2241 is foreclosed by the Second Circuit's decision in Love v. Menifee, 333 F.3d 69 (2d Cir. 2003).

In 1994, after a jury trial in the Eastern District of Virginia, petitioner was convicted of various offenses stemming from her involvement in a large scale drug conspiracy, including a violation of 21 U.S.C. § 841. The judgment was affirmed on appeal. See United States v. Plumlee, 62 F.3d 1415 (4th Cir. 1995). In July 2001, petitioner filed a motion in the Eastern District to vacate her sentence under 28 U.S.C. § 2255. The motion was denied as untimely. Petitioner appealed but the Fourth Circuit declined to issue a certificate of appealability and the appeal was dismissed. See United States v. Crepeau, 23 Fed. Appx. 166 (4th Cir. 2002). In August 2001, petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60 seeking to reopen the § 2255 proceeding. The motion was denied as untimely. In September 2005, she filed another Rule 60 motion, which was construed as an uncertified successive motion under § 2255 and dismissed. The Fourth Circuit denied petitioner's request for a certificate of appealability, declined to authorize the filing of a successive § 2255 motion, and dismissed the appeal. See United States v. Crepeau, 174 Fed. Appx. 789 (4th Cir. 2006).

The remedy provided by § 2255 is inadequate or ineffective only when failure to allow review would raise serious constitutional questions. See Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997). Petitioner contends that this test

is satisfied because, since the filing of her first § 2255 motion, the law has changed so significantly as to render her § 841 offense nonexistent. At the time of petitioner's conviction in 1994, the type and quantity of drugs involved in a § 841 offense were regarded as sentencing factors for the sentencing judge to determine by a preponderance of the evidence. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. As a result of the Apprendi decision, drug type and quantity are now regarded as elements of an offense under § 841, which must be charged in the indictment, found by the jury, and proven beyond a reasonable doubt. See United States v. Thomas, 274 F.3d 655 (2d Cir. 2001)(en banc).

In Love v. Menifee, the Second Circuit addressed the question whether an Apprendi challenge to a § 841 conviction could be raised by means of a petition under § 2241. The Court concluded that no serious constitutional question was raised by requiring Love to proceed under § 2255 because Apprendi does not apply retroactively to cases on collateral review. 333 F.3d at 73. The Court recognized that Love would not be able to obtain review of his Apprendi claim under § 2255. As the Court noted, however, it was the nonretroactivity of Apprendi to cases on

3

collateral review that prevented Love from obtaining consideration of his claim on the merits, rather than the gatekeeping provisions of § 2255. Id. at 74.

In view of the Second Circuit's decision in Love, petitioner cannot obtain review of her conviction under § 2241, and her petition must therefore be regarded as a second or successive motion under § 2255.[1] A § 2255 motion must be filed in the district court where the prisoner was sentenced, and a second or successive § 2255 motion may be heard by a district court only if it has been certified by the court of appeals. See 28 U.S.C. § 2255. Consistent with these provisions, the petition will be transferred to the Fourth Circuit.

Accordingly, the petition is hereby transferred to the United States Court of Appeals for the Fourth Circuit.

So ordered at Hartford, Connecticut this 29th day of November 2007.

/s/
Robert N. Chatigny
United States District Judge

---

[1] A petition under § 2241 may be treated as a second or successive motion under § 2255 without providing the petitioner with notice when, as here, the petitioner has had a prior § 2255 motion dismissed on the merits. Jiminian, 245 F.3d at 148. (2001).

4